# EXHIBIT 1

| | | |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | |
| STREET ADDRESS:   325 S. Melrose | | |
| MAILING ADDRESS:   325 S. Melrose | | |
| CITY AND ZIP CODE·   Vista, CA 92081 | | |
| BRANCH NAME:   North County | | |
| TELEPHONE NUMBER: (760) 201-8030 | | |

PLAINTIFF(S) / PETITIONER(S):     Jack Hayek

DEFENDANT(S) / RESPONDENT(S): HCAL LLC et.al.

HAYEK VS. HCAL LLC

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: |
|---|---|
| | 37-2011-00051081-CU-WT-NC |

Judge:  Thomas P. Nugent                              Department: N-30

COMPLAINT/PETITION FILED: 02/03/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO·USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.)  (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** HCAL, LLC, HARRAH'S OPERATING
*(AVISO AL DEMANDADO):* COMPANY, INC., RINCON BAND OF
LUISENO INDIANS, and DOES 1 through 20, Inclusive

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> F   I   L   E   D
> Clerk of the Superior Court
>
> FEB -3 2011
>
> BY: T. Moore

**YOU ARE BEING SUED BY PLAINTIFF:** JACK HAYEK
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SAN DIEGO SUPERIOR COURT<br>325 S. Melrose<br>325 S. Melrose<br>Vista, CA 92081 | 37-2011-00051081-CU-WT-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Mayberry, Esq.                    (951) 296-2299  (951) 296-2297
Law Offices of David P. Mayberry
41877 Enterprise Circle North, Suite 130
Temecula, CA 92590

DATE:
*(Fecha)* FEB 3 2011           Clerk, by _____ T. Moore _____, Deputy
                               *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|
| David P. Mayberry, Esq.<br>Law Offices of David P. Mayberry<br>41877 Enterprise Circle North, Suite 130<br>Temecula, CA 92590<br><br>TELEPHONE NO: (951) 296-2299   FAX NO: (951) 296-2297<br>ATTORNEY FOR *(Name):* Plaintiff, JACK HAYEK | FILED<br>NORTH COUNTY DIVISION<br><br>11 FEB -2 PM 4: 02<br>(3)<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. Melrose
MAILING ADDRESS: 325 S. Melrose
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County

CASE NAME: Hayek v. HCAL, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2011-00051081-CU-WT-NC<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 5

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: January 25, 2011

David P. Mayberry, Esq.
_____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

David P. Mayberry, Esq. (SBN 108741)
LAW OFFICES OF DAVID P. MAYBERRY
41877 Enterprise Circle North, Suite 130
Temecula, California 92590
Tel:    (951) 296-2299
Fax:    (951) 296-2297

Attorney for Plaintiff,
Jack Hayek

FILED
NORTH COUNTY DIVISION

'11 FEB -2 PM 4 02

(3)
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

JACK HAYEK,

              Plaintiff,

    vs.

HCAL, LLC, HARRAH'S OPERATING
COMPANY, INC., RINCON BAND OF
LUISENO INDIANS, and DOES 1 through
20, Inclusive,

              Defendants.

CASE NO:  37-2011-00051081-CU-WT-NC

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION, AGE
DISCRIMINATION, WRONGFUL
CONSTRUCTIVE DISCHARGE,
VIOLATION OF AMERICANS WITH
DISABILITY ACT; PUNITIVE DAMAGES

Plaintiff alleges as follows:

I

## GENERAL ALLEGATIONS

1.    Plaintiff is informed and believes and based thereon alleges that at all times material

hereto, Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND

OF LUISENO INDIANS, and DOES 1 through 20, Inclusive, (hereinafter referred to as

"Defendants") were individuals and/or California businesses, form unknown, operating in San Diego

County, California.  Defendants were individuals and/or entities subject to suit under the FEHA

Government Code Section 12900, et. seq., and were the supervisors and managers of plaintiff

employed by the remaining Defendants.

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, HCAL,

LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS,

and DOES 1 through 20 Inclusive, were and are individuals, California corporations or business

1

forms unknown, duly existing under the laws of the State of California, with their principal place of business in San Diego County, California. Defendant employers are subject to suit under the California Fair Employment and Housing Act (Government Code Section 12900, et. seq.) in that the employers are "employers" within the meaning of Government Code Section 12926 (d).

3.     Plaintiff is an adult man in his seventies who at all times material hereto was and is a resident of the County of Riverside, State of California, and was employed within the county of San Diego by Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, and DOES 1 through 20, Inclusive, and each of them and who was discriminated against by all Defendant employers and DOES 1 through 20, Inclusive, upon the basis of his age, medical condition/disability and upon the basis of handicap.

4.     At all times material hereto, Plaintiff entered into an oral contract for employment with Defendants to perform as a Casino Cashier for Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, and DOES 1 through 20, Inclusive, and each of them; and Plaintiff fully and satisfactorily performed all terms, conditions and obligations required of him thereunder.

5.     Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, are California business entities, form unknown, with offices for businesses located within the County of San Diego, State of California.

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, Inclusive, and therefore sues said DOE Defendants by such fictitious names. Plaintiff will amend this complaint and allege their true names and capacities once known. Plaintiff is informed and believes, and based thereon alleges, that each of these fictitiously named DOE Defendants is responsible in some manner for the occurrences herein alleged and the Plaintiffs damages as herein alleged were caused by those Defendants.

7.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto each of the Defendants, including all Defendants under fictitious names, whether agents

2

1   and/or employees of each of the remaining Defendants, and in doing the things herein alleged were

2   acting within the course and scope of the agency and/or employment.  Plaintiff is further informed

3   and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and

4   authorized the acts alleged herein to each of the remaining Defendants.

5       8.      Plaintiff worked for Defendants, HCAL, LLC, HARRAH'S OPERATING

6   COMPANY, INC., RINCON BAND OF LUISENO INDIANS, and DOES 1 through 20, Inclusive

7   as a Casino Cashier until constructively discharged in April of 2010 when he was wrongfully and

8   constructively terminated by Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY,

9   INC., RINCON BAND OF LUISENO INDIANS, and DOES 1 through 20, Inclusive, under the false

10  pretext that he was not satisfactorily performing his job and was being transferred and/or promoted

11  to another shift known as "swing shift" which included work hours throughout the evening until

12  early morning.

13      9.      Throughout Plaintiff's employment tenure with Defendants and since 2002 he

14  received raises and was given good reviews on occasion.  He was a valued employee and often

15  received positive accolades from his superiors. Plaintiff never received a written or spoken warning

16  with respect to any serious wrongdoing, Plaintiff performed any and all required terms and

17  conditions of his oral contract with Defendants, yet Defendants breached this oral contract of

18  employment by constructively terminating Plaintiff without just cause and in violation of California

19  Public Policy and due to Plaintiff's age and medical disability incident to his affliction with diabetes

20  mellitus.  Plaintiff was forced to work 10 hour days on his feet and forced to work a labor shift in

21  the middle of the night when a simple and reasonable accommodation could have been made by

22  Defendants yet same was never offered to Plaintiff and Plaintiff's request for same was refused.

23      10.     Previous to Plaintiff's constructive termination he was medically disabled by diabetes

24  mellitus. As a result of this disability and the subsequent communication to Defendants; Defendants

25  expressed disinterest in and indifference to Plaintiff's medical condition and disability and Plaintiff's

26  request for a reasonable accommodation to a shorter work shift and daytime shift was denied and

27

28

3

1   Defendants eventually retaliated by constructively discharging Plaintiff from his employment by

2   refusing to make reasonable accommodations despite Defendants knowledge of Plaintiff's disability,

3   medical condition, age, and medical limitations as communicated to Defendants by reports from

4   Plaintiff's physicians and written communications by Plaintiff to Defendants outlining his situation

5   and requesting reasonable accommodation.

6        11.    On September 27th, 2010, Plaintiff filed a complaint for discrimination, due to age,

7   disability, medical condition, association and wrongful discharge with the California Department of

8   Fair Employment and Housing (Attached hereto and incorporated herein by this reference is a true

9   and correct copy of Plaintiff's complaint to the California Department of Fair Employment and

10  Housing marked "Exhibits A and B""). Plaintiff received a Notice of Case Closure and a "Right to

11  Sue Letter" from the California Department of Fair Employment and Housing on September 27th,

12  2010 (attached hereto incorporated herein by this reference, and marked "Exhibit C" is a true and

13  correct copy of the "Right to Sue Letters" and "Notice of Case Closures"). Plaintiff's complaint filed

14  with the California Department of Fair Employment and Housing charged Defendants, HCAL, LLC

15  and HARRAH'S OPERATING COMPANY, INC., with discrimination on the basis of age, medical

16  condition and disability. Additionally, on September 27th, 2010 Plaintiff filed a Formal Request for

17  Trial Council Action with Defendant, RINCON BAND OF LUISENO INDIANS. No action was

18  taken thereon. Said filing is attached hereto and marked "Exhibit D".

19        12.    Plaintiff has exhausted his administrative remedies available to him under the

20  California Department of Fair Employment and Housing and under Defendant Tribe and has filed

21  a timely claim with same thus permitting him to file the within civil complaint for relief and damages

22

23

24

25

26

27

28                              4

## II

### FIRST CAUSE OF ACTION (WRONGFUL DISCHARGE)

### EMPLOYMENT DISCRIMINATION IN VIOLATION OF PUBLIC POLICY,

### CALIFORNIA CONSTITUTION ARTICLE 1, SECTION  8, AND THE FEHA

### JACK HAYEK vs. HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON

### BAND OF LUISENO INDIANS, AND DOES 1 THROUGH 20, INCLUSIVE

13.     Plaintiff hereby incorporates by reference paragraphs 1 through 12 of the foregoing complaint as though same were fully set forth at length hereat.

14.     During the course of Plaintiff's employment, employers and Defendants, HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, by and through it's agents, servants and workers, and others, who were serving in capacity of management to Plaintiff, and other DOES 1 through 20, Inclusive, did discriminate against the Plaintiff on the basis of a condition of disability, medical condition, and age; and did further discriminate against Plaintiff because he sought reasonable accommodation from Defendants to permit him to continue working for Defendants in full capacity while accommodating the restrictions and handicap imposed upon him by his medical condition of Diabetes Mellitus.

15.     During the course of Plaintiff's employment, and at all times material hereto, as aforesaid Defendants by and through the aforesaid agents and others, and each of them, harassed Plaintiff as aforesaid and discriminated against him on the basis of the aforementioned conditions of age, medical condition and disability which arose to the level of a defined handicap or disability as defined by the Americans with Disabilities Act and by government code section 12940 and various other Federal and California State statutes.

16.     All of the foregoing and additional facts not set forth herein forced Plaintiff to become anxious, nervous, and depressed and resulted in Plaintiff's constructive wrongful termination.  The particulars of said discrimination and harassment are set forth in "Exhibit A and

5

1  "Exhibit D" hereto.  Plaintiff was also wrongfully denied the opportunity to continue the work that
2  he valued in life and which gave him a feeling of high esteem and satisfaction.

3      17.    The above described discriminatory conduct of Defendants and the failure of
4  employers to take immediate and effective action to stop the harassment, to investigate and learn the
5  truth, and apologize to Plaintiff and reinstate Plaintiff to his existent position of employment,
6  violated California public policy as well as Government Code Section 12940 (h) making illegal the
7  discrimination and harassment of an employee upon these bases, and Article 1, Section 8 of the
8  California Constitution prohibiting discrimination in employment. Defendants' intentional wrongful
9  and discriminatory conduct forced Plaintiff to be wrongfully and constructively discharged.
10  Furthermore, a younger and less experienced employee was given Plaintiff's job and Defendants
11  insisted that Plaintiff work a shift that he and his physicians repeatedly advised was too injurious to
12  Plaintiff's health and ultimately impossible for Plaintiff to do without risking serious physical
13  decline.  Furthermore, Plaintiff repeatedly requested "reasonable accommodation" in the form of
14  continued placement on a day shift but this request for reasonable accommodation was refused by
15  Defendants; when Defendants could have easily accommodated Plaintiff without undue burden to
16  Defendants' business.

17      18.    Defendants conduct was malicious, oppressive, and despicable, and subjected the
18  Plaintiff to cruel and unjust hardship in his employment; and was carried on in a willful, open and
19  conscious disregard of the civil rights of the Plaintiff and was intended to force Plaintiff from his job.
20  The Plaintiff is informed and believes, and thereupon alleges, that Defendant knew this conduct was
21  repulsive and offensive to the Plaintiff and knew that it caused mental suffering, physical
22  deterioration, and anxiety for the Plaintiff, knew that the Plaintiff relied on his income from the
23  employment for livelihood, and knew that this conduct was unlawful and in violation of California
24  public policy and that same would force Plaintiff to retire.  Despite such knowledge, the Defendants
25  by and through their agents engaged in the above described conduct for the purpose of intimidating,
26  embarrassing, harassing, and injuring the Plaintiff and sought to make an example of Plaintiff.
27
28

1  Furthermore, employers failed to take immediate and appropriate action to stop the harassment. The

2  conduct of the Defendant warrants the imposition of punitive damages against the Defendants, and

3  each of them, commensurate with their wealth.

4       19.    As a direct and proximate result of the acts perpetrated by Defendants, and each of

5  them, against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered a

6  loss of wages, vacation pay, overtime pay, and benefits, as well as future wages and benefits, in an

7  amount and to an extent which has not yet been ascertained.  Once such damages have been

8  ascertained, Plaintiff will amend his complaint accordingly or according to proof at the time of trial.

9       20.    As a further direct and proximate result of the acts perpetrated by Defendants, and

10  each of them, Plaintiff has suffered humiliation, mental anguish, public ridicule, emotional and

11  physical distress, in an amount and to an extent which has not yet been ascertained but will be shown

12  according to proof at time of trial.

13       21.    As a further direct and proximate result of Defendants' discriminatory actions and

14  other actions as aforesaid, Plaintiff is entitled to recover his attorney fees and costs pursuant to

15  Government Code Section 12965 (b).

16  III

17  **SECOND CAUSE OF ACTION**

18  **AMERICANS WITH DISABILITIES ACT VIOLATION**

19  **JACK HAYEK vs. HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON**

20  **BAND OF LUISENO INDIANS, AND DOES 1 THROUGH 20, INCLUSIVE**

21       22.    Plaintiff hereby incorporates by reference paragraphs 1 through 21 of the preceding

22  complaint as though same were fully set forth at length hereat.

23       23.    Following Plaintiff's discovery of and communication to Defendants of his need for

24  special accommodation due to the restrictions of his condition of Diabetes Mellitus, and at all times

25  material hereto, Plaintiff suffered from this condition which was a physical disability under the

26  Americans with Disabilities Act and California State Law which so substantially limited his level

27

28  7

1  of function if not given reasonable accommodation as to affect his major life activities and did arise

2  to the level of a disability as defined by government code section 12940. Plaintiff's revelation of his

3  condition to Defendants was met with disinterest on the part of Defendants who subsequently refused

4  to make simple reasonable accommodation by allowing Plaintiff to remain on the day shift as a

5  cashier; and, in fact transferred Plaintiff to night-time swing shift and placed a younger less qualified

6  employee into Plaintiff's position thereby discriminating against Plaintiff on the basis of his age,

7  medical condition and disability; all in violation of the Americans With Disabilities Act, California

8  State Law, and California Public Policy. Defendants refusal to make the requested and reasonable

9  accommodation to Plaintiff resulted effectively in his wrongful constructive discharge as previously

10 indicated and as defined under the Americans with Disabilities Act and the California Fair

11 Employment and Housing Act.

12      24.  The aforesaid intentional acts perpetrated by Defendant, HCAL, LLC, HARRAH'S

13 OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, and DOES 1 through

14 20, Inclusive, by and through their agents, did constitute a willful and concerted effort to wrongfully

15 and constructively discharge Plaintiff because of his medical condition, medical disability, and age

16 as aforesaid and as such constitutes an intolerable interference with Plaintiffs rights under the

17 California Constitution, the various aforesaid referenced laws and statutes of the State of California

18 including the Fair Employment and Housing Act and The Americans With Disabilities Act.

19      25.  The aforesaid wrongful discharge from employment constituted harassment and

20 discrimination under the fair employment and housing statutes of the State of California and The

21 Americans With Disabilities Act and did directly and proximately cause Plaintiff to suffer economic

22 loss, loss of health coverage benefits, loss of self esteem, detriment to his health and physical and

23 emotional well being as well as all other damages complained of herein.

24

25

26

27

28

1    WHEREFORE, Plaintiff, JACK HAYEK, prays for judgment against the Defendants, and

2    each of them, as follows:

3        1.     For attorney fees as provided by statute.

4        2.     For punitive damages commensurate with the wealth of the Defendants.

5        3.     For all loss of earnings and benefits past and future.

6        4.     For general and special damages in an amount according to proof.

7        5.     For costs incurred in the within litigation.

8        6.     For interest on sums due.

9        7.     For such other and further relief as the court deems just and proper.

10   DATED: January 25, 2011                   LAW OFFICES OF DAVID P. MAYBERRY

11

12                                            By: _____

13                                          David P. Mayberry, Esq.<br>                                     Attorney for Plaintiff, Jack Hayek

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # **E201011D5200-00**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **HAYEK, JACK** | **(951)587-6724** |

ADDRESS
**41973 NIBLICK ROAD**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **TEMECULA, CA 92591** | **RIVERSIDE** | **065** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **HCAL, LLC AND HARRAHS ENTERTAINMENT, INC.** | **(800)522-4700** |

ADDRESS
**777 HARRAHS RINCON WAY**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **VALLEY CENTER, CA 92082** | **SAN DIEGO** | **073** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month,day, and year) | RESPONDENT CODE |
|---|---|---|
| **150+** | **04/22/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before **04/22/2010** , the following conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denied of equal pay |
| X harassment | X denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| X constructive discharge (forced to quit) | ___ retaliation | |
| ___ impermissible non-job-related inquiry | X other (specify) Denial of Employment | |

by **HCAL, LLC AND HARRAHS ENTERTAINMENT, INC.**

Name of Person       Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected |
| X age | ___ marital status | X medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | genetic characteristic | leave or accommodation |
| ___ race/color | ___ association | ___ other (specify) | |

State of what you believe to be the reason(s) for discrimination

MY AGE (74) AND MY DISABILITY/MEDICAL CONDITION - DIABETES, HYPERTENSION, PERIPHERAL VASCULAR DISEASE, VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **09/27/2010**

At **Temecula**

DATE FILED: **09/27/2010**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #   **E201011D5202-00**

DFEH USE ONLY

### CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **HAYEK, JACK** | **(951)587-6724** |

ADDRESS
**41973 NIBLICK ROAD**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **TEMECULA, CA 92591** | **RIVERSIDE** | **065** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **HARRAH'S OPERATING COMPANY, INC.** | **(760)751-3100** |

ADDRESS
**777 HARRAH'S RINCON WAY**

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **VALLEY CENTER, CA 92082** | **SAN DIEGO** | **073** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **150+** | **04/22/2010** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
04/22/2010 , the following
conduct occurred:

| | | |
|---|---|---|
| ____ termination | X denial of employment | ____ denial of family or medical leave |
| ____ laid off | ____ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | ____ denial of equal pay |
| X harassment | X denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | ____ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| X constructive discharge (forced to quit) | ____ retaliation | |
| ____ impermissible non-job-related inquiry | X other (specify)  Termination | |

by   **HARRAH'S OPERATING COMPANY, INC.**

because of :

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

| | | |
|---|---|---|
| ____ sex | ____ national origin/ancestry | X disability (physical or mental) | ____ retaliation for engaging in protected |
| X age | ____ marital status | X medical condition (cancer or | activity or requesting a protected |
| ____ religion | ____ sexual orientation | genetic characteristic | leave or accommodation |
| ____ race/color | ____ association | X other (specify)  Diabetes, Hypertension, Peripheral Vascular Disease | |

State of what you
believe to be the
reason(s) for
discrimination

MY AGE (74) AND MY DISABILITY/MEDICAL CONDITION - DIABETES, HYPERTENSION, PERIPHERAL VASCULAR DISEASE, VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **09/27/2010**

At   **Temecula**

DATE FILED:  **09/27/2010**

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

1350 FRONT STREET, SUITE 1063, SAN DIEGO, CA 92101
(619) 645-2681
www.dfeh.ca.gov

Phyllis W. Cheng, Director

September 27, 2010

HAYEK, JACK
41973 NIBLICK ROAD
TEMECULA, CA 92591

RE:   E201011D5200-00
      HAYEK/HCAL, LLC AND HARRAHS ENTERTAINMENT, INC.

Dear HAYEK, JACK:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 27, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Ignacio R. Vazquez
District Administrator

cc:   Case File

CATHY PINZONE
CAHSIERING DEPT. MANAGER
HCAL, LLC AND HARRAHS ENTERTAINMENT, INC.
777 HARRAHS RINCON WAY
VALLEY CENTER, CA 92082

DFEH-200-43 (06/06)



STATE OF CALIFORNIA - STATE ·   CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

1350 FRONT STREET, SUITE 1063, SAN DIEGO, CA 92101
(619) 645-2681
www.dfeh.ca.gov

Phyllis W. Cheng, Director

September 27, 2010

HAYEK, JACK
41973 NIBLICK ROAD
TEMECULA, CA 92591

RE:  E201011D5202-00
     <u>HAYEK/HARRAH'S OPERATING COMPANY, INC.</u>

Dear HAYEK, JACK:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 27, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Ignacio R. Vazquez
District Administrator

cc:   Case File

CATHY PINZONE
CASHIERING DEPARTMENT MANAGER
HARRAH'S OPERATING COMPANY, INC.
777 HARRAHS RINCON WAY
VALLEY CENTER, CA 92082

DFEH-200-43 (06/06)

# REQUEST FOR TRIBAL COUNCIL ACTION



**Tribal Council Meetings are held every week unless cancelled. THIS REQUEST FORM MUST BE SUBMITTED TO THE TRIBAL OFFICE ONE (1) WEEK PRIOR TO THE NEXT TRIBAL COUNCIL MEETING, NO LATER THAN 4:30 P.M.**

Name: Hayek, Jack
_____ (Last, First Middle)

Date: 9/27/2010
_____ (MM/DD/YYYY)

**1.   Subject matter to be discussed: (Please Check all appropriate boxes)**

☐ Ordinance   ☐ Loan   ☐ Membership   ☐ Per Cap   ☐ Services

☒ Tribal Govt.   ☐ Committee   ☒ Personal   ☒ Other: discrimination claim

**2.   Please give a short summary as to why you want to be placed on the agenda:**

On or about 04/22/10, I was constructively discharged from my job as cashier III at the Harrah's Rincon Casino and Resort due to discrimination on the basis of my age (74) and medical/physical disability (Diabetes Mellitus, Hypertension and Peripheral Vascular Disease) in violation of the California Department of Fair Employment and Housing laws. This discrimination is also in violation of the policies and rules of the Rincon Band of Luiseño Indian Tribe, and is also in violation of the Indian Gaming Regulation Act and the Tribal-State Gaming Compact between this Tribe and the State of California.

**3.   Describe what action(s) have been taken to resolve or confront the underlining issues**

No action has been taken by the Tribe.

**4. Please list specific questions and/or action(s) desired from the Tribal Council**

That the Tribal Council consider this Claim Form, investigate the acts of discrimination and award the Claimant, Jack Hauck, a remedy in the form of a restoration of his job with proper accomodations or Award damages for the loss of his job.

**5. Requestors Contact Information**

Mailing Address: 41973 Niblick Road

City: Temecula          State: CA          Zip Code: 92591

Contact Number (1): (951) 587-6724   Contact Number (2): (805) 440-1015

I understand filing of this form **does not** automatically place my request on the agenda. Further, I understand that a **Rincon official will contact me** and advise me of the status of my request.

Signature: _Jack Hauck_          Date: 09/27/10

| FOR OFFICE USE ONLY: | |
|---|---|
| Received Date: _____ | Time: _____ |

<u>PROOF OF SERVICE</u>
1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
                           ) ss.
COUNTY OF RIVERSIDE )

       I am employed in the County of Riverside, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 41877 Enterprise Circle North, Suite 130, Temecula, California 92590.

       On **September 27, 2010,** I served the foregoing documents described as **REQUEST FOR TRIBAL COUNCIL ACTION** interested parties in this action by placing a true and correct copy thereof by Certified Mail at the address(s) shown below, by facsimile, and by email:

RINCON LUISENO BAND OF INDIANS TRIBAL OFFICE
Attn: Dick Watenpaugh
P.O. Box 68 Valley Center Road
Valley Center, CA 92082
Facsimile: (760) 749-1051
dwatenpaugh@rincontribe.org

       I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Temecula, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

       Executed on **September 27, 2010,** at Temecula, California.

       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

AMY MATHIESON

Certified Mail 7009 2820 0001 6696 7629

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 1.00 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.15 |

Postmark Here

Sent To: Rincon Wiseño Band of Indians
Street, Apt. No.; or PO Box No. P.O. Box 68 Valley Center Rd.
City, State, ZIP+4 Valley Center, CA 92082

PS Form 3800, August 2006                    See Reverse for Instructions

7009 2820 0001 6696 7629

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rincon Wiseño Band of Indians
Attn: Dick Watenpaugh
P.O. Box 68 Valley Center Rd.
Valley Center, CA 92082

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _J. Ketchen_   ☒ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_J. Ketchen_   9-29-10

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☒ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7009 2820 0001 6696 7629

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540