UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK HAYEK, | Civil No. 11cv608 L (BLM) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS [doc. #3] and GRANTING PLAINTIFF LEAVE TO AMEND** |
| v. | |
| HCAL, LLC, HARRAH'S OPERATING COMPANY, INC., RINCON BAND OF LUISENO INDIANS, | |
| Defendants. | |

Defendant HCAL, LLC and specially appearing defendant Harrah's Operating Company, Inc. ("HOC") move to dismiss the complaint. The motion has been fully briefed and is submitted without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**I.    Background**

Plaintiff Jack Hayek was employed by HCAL, LLC to work at Harrah's Rincon Casino & Resort in Valley Center, California. The Rincon Casino is located on the Rincon San Luiseno Band of Mission Indians Reservation. Hayek contends that his employment was constructively terminated because of his age and medical disability when HCAL refused to make reasonable accommodations for him.

On September 27, 2010, plaintiff filed a complaint with the California Department of Fair Employment and Housing alleging age and disability discrimination and wrongful discharge. He

received a Right to Sue Letter. In addition, plaintiff filed a Request for Tribal Council Action; however, no action was taken. Although Hayek asserts that his administrative remedies have been exhausted, he does not allege that he has exhausted his federal Americans with Disabilities claim.

Hayek originally filed this action in Superior Court for the State of California, County of San Diego. Defendants removed the action based on the Court's diversity jurisdiction. 28 U.S.C. § 1332(a).

Defendant HOC moves to dismiss the complaint contending that the Court lacks personal jurisdiction over it under Federal Rule of Civil Procedure 12(b)(2), and defendants also seek dismissal of the entire complaint under Federal Rule of Civil Procedure 12(b)(6).

## II. Discussion

### A. Personal Jurisdiction

Defendant HOC, a Delaware corporation with its principal place of business in Las Vegas, Nevada., moves to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 2011 WL 3437047, *2 (9th Cir., Aug. 8, 2011.) If the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Id.* (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). The court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but must resolve "factual disputes in the plaintiff's favor." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir.2006).

The district court applies the law of the state in which the court sits when no federal statute authorizes personal jurisdiction. FED. R. CIV. P. 4(k)(1)(A); *Panavision Int'l, L.P. v.*

*Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Civil Procedure Code § 410.10, is coextensive with federal due process requirements; therefore, the jurisdictional analyses under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Under a due process analysis, a defendant may be subject to either general or specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

### 1. General Jurisdiction

"For general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in continuous and systematic general business contacts, that approximate physical presence in the forum state." *Schwartzenegger*, 374 F.3d at 801 (internal quotations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.*

It is clear that general jurisdiction is not applicable here. It is uncontroverted that defendant HOC does not operate any businesses in California, does not own, manage, control, or supervise the casino where plaintiff alleges he was subjected to discrimination. As a result, HOC does not have contacts with the forum state – California – that are substantial, continuous and systematic. Accordingly, the Court cannot exercise personal jurisdiction over HOC under a theory of general jurisdiction.

### 2. Specific Jurisdiction

A court exercises specific personal jurisdiction over a defendant where the claim arises out of or has a substantial connection to the defendant's contact with the forum. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). The Ninth

Circuit analyzes specific jurisdiction according to a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

Purposeful availment is assessed by using the three-part effects test found in *Calder v. Jones*, 465 U.S. 783 (1984); *see also, Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (describing *Calder* and the three-part effects test). This effects test states that the defendant must have allegedly: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. All three parts of the test must be satisfied. *Id.*

Hayek contends both defendants, HCAL and HOC held themselves out as being plaintiff's employer. (Opp. at 4.) According to plaintiff, both defendants therefore caused harm within the state of California and "caused an effect within the State of California by ceasing to pay [him]." (*Id.*) But in his declaration in opposition to defendants' motion, Hayek acknowledges that he "was informed by the California Employment Development Department that my true employer was HCAL, LLL . . . [and] HCAL, LLC now has admitted that they were [sic] my employer during the time in question." (Hayek Declar. at ¶¶ 6, 7.)

Without the allegation that HOC was plaintiff's employer, Hayek has failed to set forth any facts in his complaint that would suggest HOC committed an intentional act or aimed its activities at California or caused harm that was likely to be suffered in California. None of the three parts of the *Calder* effects test have been met here. Accordingly, the Court finds that

defendant HOC has not purposefully availed itself of the privilege of conducting activities within the forum state.

Because plaintiff has not demonstrated that the defendant HOC has purposefully availed itself of the privileges of conducting activities in California and plaintiff's claims do not arise out of defendant's forum related activities, the Court finds that plaintiff has failed to demonstrate that specific jurisdiction is present in this case over defendant HOC. As a result, HOC is dismissed from this action for lack of personal jurisdiction.

### B.   Failure to State a Claim

A plaintiff must "plead a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, *e.g.,* facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

If a motion to dismiss is granted, the court must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. *See DeSoto v. Yellow Freight*

*Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992); *Balistieri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

Plaintiff, who is represented by counsel, contends that he has properly pleaded causes of action for wrongful discharge under FEHA, constructive discharge, disability discrimination, violation of the Americans with Disabilities Act ("ADA"), and intentional infliction of emotional distress. A party's pleading style is generally not at issue in a motion to dismiss. But when the pleading reflects a jumble of legal causes of actions and theories that fails to give defendants fair notice of what the plaintiff's claims actually are and the grounds upon which they rests, the complaint does not meet the standards of Rules 8 or 12.

Plaintiff's complaint alleges two causes of action but within each cause of action are multiple legal theories. For example, the first claim is set entitled:

> FIRST CAUSE OF ACTION (WRONGFUL DISCHARGE) EMPLOYMENT DISCRIMINATION IN VIOLATION OF PUBLIC POLICY, CALIFORNIA CONSTITUTION ARTICLE 1, SECTION 8, AND THE FEHA.

(Comp. at 5.) Within this purported cause of action, plaintiff states that defendants "discriminated against him on the basis of a condition of disability, medical condition, and age; and did further discriminate against Plaintiff because he sought reasonable accommodation . . . ." This section also includes a statement that defendants harassed plaintiff based on his age, medical condition and disability which "forced Plaintiff to become anxious, nervous, and depressed and resulted in Plaintiff's constructive wrongful termination." (*Id.*) Plaintiff states that defendants failed to stop the harassment, "to investigate and learn the truth, and to apologize to Plaintiff and reinstate Plaintiff to his existent position of employment." (*Id.*) According to plaintiff, he was replaced by a younger and less experience employee, was subjected to cruel and unjust hardship in his employment, and defendants knew that "this conduct was unlawful and in violation of California public policy." Finally, in this same cause of action, plaintiff states that as a result of defendants' acts, he suffered humiliation, mental anguish, public ridicule, emotional and physical distress. (*Id.*)

This grab bag of conclusory wrongdoings is not a cause of action to which defendants can respond in a meaningful manner. Plaintiff will be given an opportunity to amend the complaint to allege discrete causes of action that meet the pleading standards of Federal Rules of Civil Procedure 8 and 12. In other words, the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 1966 n. 5. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 127 S. Ct. at 1966).

Plaintiff's second cause of action is labeled as a violation of the Americans with Disabilities Act. Defendants seek dismissal of the ADA claim because of plaintiff's failure to exhaust administrative remedies with the Equal Employment Opportunity Commission.

For claims brought under the ADA, an aggrieved individual must first exhaust his administrative remedies, which requires filing a charge with the EEOC detailing facts underlying the discrimination so that an investigation may begin. 42 U.S.C.A. § 2000e–5(b). An individual may bring a civil action against the employer on the matters contained in the charge within 90 days after a Right to Sue Letter is issued by the EEOC. *Id.*

In his opposition, plaintiff does not address the issue of exhaustion with respect to his ADA claim. It therefore appears that plaintiff has abandoned his ADA claim and it will be dismissed. If plaintiff intends to amend his complaint to include an ADA claim, he must affirmatively allege that he has exhausted his ADA claim.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**III.     Conclusion**

Because the Court lacks personal jurisdiction over defendant HOC, its motion to dismiss is **GRANTED.** Defendants' motion to dismiss the complaint for failure to state a claims is **GRANTED.** Plaintiff is **GRANTED** leave to file an amended complaint in conformity with this Order. If plaintiff decides to file an amended complaint, he shall file the pleading on or before November 28, 2011.

**IT IS SO ORDERED.**

DATED: November 17, 2011

　　　　　　　　　　　　　　　　　　　　　　　M. James Lorenz
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL